UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANDY VAN, an individual; JUDY VAN, an individual,

    Plaintiffs

v.

ASSET VENTURES, LLC, a California limited-liability company; ANTHONY MARTINEZ, an individual; JBY FINANCIAL, LLC, a Colorado limited-liability company,

    Defendants

2:15-cv-01401-JAD-PAL

**Order Denying Ex Parte Application for Temporary Restraining Order**

[ECF 13]

    Sandy Van and Judy Van move ex parte for a temporary restraining order and an order to show cause why a preliminary injunction should not issue against Asset Ventures, LLC, Anthony Martinez, and JBY Financial, LLC (JBY).[1] Having reviewed the first amended complaint,[2] motion and memorandum of points and authorities, supporting declaration, and exhibits,[3] I find that the Vans have not met the standard for obtaining a temporary restraining order without notice, or even at all. Most significantly, the Vans failed to demonstrate that they are likely to suffer irreparable harm if not granted temporary injunctive relief. I thus deny the motion in its entirety.

## Background

    The Vans sue Asset Ventures and Martinez for breach of contract, fraud, breach of fiduciary duty, conversion, unjust enrichment, and fraudulent conveyance, and they sue JBY for unjust

---

[1] ECF 13.

[2] ECF 6. Although the amended complaint references two exhibits, they are not attached to that document. See ECF 6. Those exhibits, however, appear to be attached to plaintiffs' original complaint. See ECF 1 at 19–31.

[3] ECF 13.

enrichment and fraudulent conveyance.[4] It appears that the Vans' original complaint was served on Asset Ventures and Martinez on August 3, 2015.[5] Asset Ventures and Martinez were then served with the amended complaint via U.S. mail on August 19, 2015.[6] The record reflects that JBY has not yet been formally served with summons or the amended complaint.[7]

## Discussion

### A. Standard to Obtain Temporary Injunctive Relief Without Notice

District courts "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" only when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition" **and** "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[8] The Vans have not met this standard.

Neither of the Vans' complaints is verified.[9] Sandy Van does attest in her declaration that she and Judy Van will be harmed if defendants are not restrained from selling certain real property,

---

[4] ECF 6. The Vans also sue these defendants for injunctive relief and Asset Ventures and Martinez for appointment of a receiver. But "[a] request for injunctive relief by itself does not state a cause of action. . . ." *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp. 2d 1183, 1201 (E.D. Cal. 2010) (collecting authorities). And the appointment of a receiver "'is an extraordinary equitable remedy,'" rather than an independent cause of action. *See Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2983 at 24 (2d ed. 1997)).

[5] ECF 10, 11.

[6] ECF 12.

[7] JBY was added as a defendant in the Vans' amended complaint. Sandy Van attests that William Curran Cisney, the principal of JBY, contacted her on August 25, 2015, and "acknowledged receipt of the operative pleading [that] named his company as a Defendant." ECF 13 at 16 ¶ 17. No affidavit of service on JBY has been filed.

[8] FED. R. CIV. PROC. 65(b)(1).

[9] *See* ECF 1, 6.

but, for the reasons discussed below, I find that the Vans' evidence is insufficient and the harm that they identify is speculative. Moreover, the Vans' attorney has not provided the certification required under FRCP 65(b)(1)(B) of any efforts that were made to give notice of the application to the adverse parties and why it should not be required. Based on this record, I find that the Vans have not met the requirement for obtaining preliminary injunctive relief without notice to the adverse parties.

**B.      Standard to Obtain Temporary Injunctive Relief**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[10] In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court clarified that the standards "require[ ] a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [a temporary restraining order] is in the public interest.'"[11] "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[12]

The second *Winter* factor requires the Vans to demonstrate that they are likely to suffer irreparable harm if not granted a temporary restraining order. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages."[13] The Ninth Circuit instructed in *In re Estate of Ferdinand Marcos, Human Rights Litig.* that district courts have authority to issue preliminary injunctive relief in situations where only money damages are

---

[10] See *Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[11] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[12] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[13] *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)).

sought but those damages would be inadequate due to a defendant's impending insolvency.[14] The Ninth Circuit, however, expressly "restricted" its holding "to only *extraordinary* cases in which equitable relief is not sought" in order to "avoid[ ] the concern . . . of the 'sweeping effect' that a plaintiff in any action requesting damages can apply for an injunction to sequester his or her opponent's assets."[15]

"Those seeking injunctive relief" must do more than just state or argue that they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm."[16] To support their irreparable-harm argument, the Vans submit the declaration of Sandy Van and an exhibit purporting to be a list of properties owned by Asset Ventures.[17] Sandy Van attests that if the defendants are not prohibited from selling certain real property, she and Judy Van will be harmed by being unable to enforce a judgment against the defendants.[18] But the Vans did not submit any evidence of the financial condition of Asset Ventures or tending to show that those properties are Asset Ventures's sole assets against which the Vans could execute if they prevail in this action. The Vans did not submit any evidence showing that they personally have an interest in the properties. And they offered no evidence of the financial condition of the other defendants, Martinez and JBY.

Yet another deficiency in the Vans' request is that their evidence does not demonstrate that Asset Ventures actually has or had ownership interest in the subject properties. Sandy Van attests she "discovered that Asset Ventures, LLC owned these properties [identified on Exhibit A] through conducting a nationwide title search."[19] There is, however, no evidence that Sandy Van is competent

---

[14] *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1476–80 (9th Cir. 1994) (*Estate of Ferdinand Marcos*).

[15] *Id.* at 1480 (quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 222–23 (1945)).

[16] *Herb Reed Enter., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013), *cert. denied*, 135 S.Ct. 57 (2014).

[17] ECF 13 at 13–19.

[18] ECF 13 at 17 ¶ 19.

[19] ECF 13 at 13 ¶ 1.

to conduct a title search. Her declaration lacks any details about the search that she performed, e.g., when she performed the search or how she did it.[20] And instead of submitting title reports or similar documents evidencing Asset Ventures' supposed ownership interest, the Vans submitted a self-made list that purports to provide "Properties Owned by Asset Ventures, LLC."[21] The Vans' evidence is not sufficient to demonstrate the deepening insolvency of any defendant or a pattern of secreting or dissipating assets to avoid judgment by any defendant of the type that led the Ninth Circuit in *Estate of Ferdinand Marcos* to hold that the irreparable-harm requirement may be satisfied in very limited circumstances even if money damages are sought.

The Ninth Circuit expressly "restricted" its holding in *Estate of Ferdinand Marcos* to "only *extraordinary* cases in which equitable relief is **not** sought."[22] But the Vans seek equitable relief with their fraudulent transfer claim: to void and rescind the transfer of real property in Virginia from Asset Ventures to JBY.[23] As the Nevada Supreme Court recently explained in *Cadle Co. v. Woods & Erickson, LLP*, "[c]reditors do not possess *legal* claims for damages when they are victims of fraudulent transfers. Instead, creditors have recourse in *equitable* proceedings in order to recover the property, or payment for its value, by which they are returned to their pre-transfer position."[24] "Nevada's fraudulent transfer statute creates equitable remedies including avoidance, attachment, and, subject to principles of equity and the rules of civil procedure, injunction, receivership, or other relief."[25] Because the Vans seek equitable relief with their fraudulent transfer claim, the narrow holding of *Estate of Ferdinand Marcos* does not apply in this action.

Based on this record, I find that the Vans have not demonstrated that they will be irreparably harmed—as that term is understood in Ninth Circuit law—if the defendants are not preliminarily

---

[20] *See* ECF 13 at 13–17.

[21] ECF 13 at 19.

[22] *Estate of Ferdinand Marcos*, 25 F.3d at 1480 (emphasis in bold added).

[23] ECF 6 at ¶¶ 60–61.

[24] *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1053 (Nev. 2015).

[25] *Id.* (citing NEV. REV. STAT. § 112.210).

restrained from selling, encumbering, or otherwise disposing of the properties identified by plaintiffs. Because the test for preliminary injunctive relief requires satisfaction of all four *Winter* factors, failure to satisfy any one of them—as the Vans have failed to demonstrate likelihood of irreparable harm here—requires denial of the request for a temporary restraining order.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Vans' ex parte application for a temporary restraining order and request for an order to show cause why a preliminary injunction should not issue **[ECF 13]** is **DENIED**.

Dated this 8th day of September, 2015.

_____
Jennifer A. Dorsey
United States District Judge