UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDY VAN, an individual; JUDY VAN, an individual, <br><br>  Plaintiffs <br><br> v. <br><br> ASSET VENTURES, LLC, a California limited-liability company; ANTHONY MARTINEZ, an individual; JBY FINANCIAL, LLC, a Colorado limited-liability company, <br><br>  Defendants | 2:15-cv-01401-JAD-PAL <br><br> **Order Denying Motion for Default Judgment** <br><br> [ECF 33] |

Sandy Van and Judy Van claim that Asset Ventures, LLC, through its principal Anthony Martinez defrauded them out of $110,000 with a Ponzi scheme involving investments in non-performing mortgage notes and then fraudulently transferred at least one of the defendants' assets—a property in Virginia—to JBY Financial, LLC to avoid judgment enforcement.[1] Asset Ventures and Martinez have not appeared in this case, and the Clerk of Court entered default against them;[2] JBY, however, is actively defending this lawsuit.[3] The Vans now move for default judgment against Asset Ventures and Martinez.[4] Because the Vans assert various claims and legal theories against all defendants jointly, their motion is premature under the *Frow* doctrine, and I deny it without prejudice.

**Discussion**

When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules

---

[1] ECF 6.

[2] ECF 24.

[3] ECF 25.

[4] ECF 33.

of Civil Procedure permit the court to enter a default judgment.[5]  However, the Ninth Circuit follows the time-honored *Frow* doctrine for considering default judgments in multi-defendant cases: "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[6]  The Ninth Circuit extends this doctrine to cases where the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[7]

Three of the plaintiffs' eight causes of action are alleged jointly against all defendants.  In their fifth cause of action, plaintiffs allege that all "Defendants have been unjustly enriched at the expense of Plaintiffs" and that all "Defendants should be required to disgorge all monies, profits and gains [that] they have obtained or will unjustly obtain in the future at the expense of the Plaintiffs, and a constructive trust should be imposed thereon for the benefit of Plaintiffs."[8]  In their sixth claim for fraudulent conveyance, plaintiffs allege that Asset Ventures and Martinez transferred the Virginia property to JBY for nothing, that JBY was not a bona fide purchaser, and the purchase is void and must be rescinded.  The defendants are similarly situated because they could likely raise the same defenses to the fraudulent-transfer claim.  Accordingly, the *Frow* doctrine cautions against entering a default judgment against Asset Ventures and Martinez while JBY continues to actively defend these jointly targeted claims.  For this reason, I deny plaintiffs' motion for a default judgment against these non-appearing defendants without prejudice to plaintiffs' ability to reurge this request after the claims against JBY have been resolved.

---

[5] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[6] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[7] *Geramendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (quotation omitted).

[8] ECF 6 at ¶ 55–57.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Vans' motion for default judgment **[ECF 33] is DENIED** without prejudice.

Dated this 13th day of November, 2015.

_____
Jennifer A. Dorsey
United States District Judge